IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

**SYLVESTER WHITEHEAD, Sr.**

    **PLAINTIFF,**

**V.**                                          **CASE No:**

**TRANSUNION,**

    **DEFENDANT.**

## COMPLAINT

COMES NOW Plaintiff, by and through, counsel, and respectfully alleges as follows:

## INTRODUCTION

1. This is an action for recovery by the Plaintiff for the Defendant's violation of the Fair Credit Reporting Act (FCRA), 15 USC § 1681 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. sections 1331.

3. The unlawful credit reporting practices alleged herein were committed in the Northern District of Alabama.

## PARTIES

4. Plaintiff Sylvester Whitehead is an adult individual over nineteen (19) years of age and is a citizen of Tuscaloosa County, Alabama, and submits herself to the jurisdiction of this Court.

5. The Defendant Trans Union, LLC (TU) is a Delaware Limited Liability Company, in the business of, among other things, collecting information about

consumers' credit histories and offering that information for sale to prospective creditors for a fee.

6. TU does business in Alabama by, among other things, selling to prospective Alabama creditors and lenders credit information collected about consumers.

## NATURE OF CLAIM

7. This claim seeks statutory, compensatory, and punitive damages for the Defendant's violation of provisions of the FCRA as more fully set out below.

## STATEMENT OF CLAIM

8. In February 2009, the Plaintiff's son, Sylvester Whitehead, Jr., filed for bankruptcy protection in the Bankruptcy Court for the Northern District of Alabama.

9. Shortly after the Defendant's son filed for bankruptcy protection, the Plaintiff received notice that his line of credit with RBC Centura Bank was closed because of the bankruptcy listed on his TU credit report. The Plaintiff received similar notices regarding the closure of his lines of credit with Lowes and Home Depot.

10. The Plaintiff ordered a copy of his consumer disclosure statement and learned that not only was his son's bankruptcy case listed on his disclosure statement, but civil judgments against his son were likewise listed.

11. In addition to the closure of the above listed lines of credit, the Plaintiff was denied credit from Citi Financial and GCO Carpet Outlet.

12. During this time, the Plaintiff had been in the process of establishing a business buying and selling used items, and that endeavor required the purchase of items on credit. After his son's bankruptcy filing and judgments were listed on the

Plaintiff's credit report, the Defendant was without sufficient credit to continue to build his business.

13. The Plaintiff's home has been in need of repairs to the roof, but the Plaintiff has been unable to make those repairs because of the closure of the above referenced lines of credit.

14. Until Sylvester Whitehead, Jr.'s bankruptcy filing and civil judgments were listed on the Plaintiff's credit report, the Plaintiff had a positive credit rating and was generally able to obtain credit as needed.

15. The Plaintiff has attempted to communicate with the Defendant regarding the incorrect reporting and has provided documentary evidence to TU that the negative entries were improperly included in his credit report; however, the Defendant has continued to refuse to remove the incorrect entries.

### COUNT I VIOLATION 15 U.S.C. § 1681e(b) BY TRANS UNION
### Negligent violation

16. Plaintiffs re-allege Paragraphs 1 through 14 of this complaint.

17. 15 U.S.C. § 1681e(b) requires consumer reporting agencies to adopt "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

18. TU is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) and as such is subject to the requirements of 15 U.S.C. § 1681e(b).

19. The Defendant TU negligently violated the provisions of 15 U.S.C. § 1681e(b) by failing to use reasonable care to ensure that the information contained in the Plaintiffs' credit report met the requirements of the maximum accuracy requirement.

20. As a result of the Defendant's negligence, the Plaintiff has suffered actual damages, for which he is entitled to compensation.

21. The Defendant is also liable to the Plaintiff for the costs of this action plus a reasonable attorney's fee.

Wherefore, the Plaintiffs request the following relief:

A. An award of actual damages sufficient to compensate the Plaintiff for the damages he has sustained as a result of he Defendant's negligent failure to comply with 15 U.S.C. § 1681e(b).

B. An award of court costs as provided in 15 U.S.C. § 1681o(2).

C. An award of attorney's fees as provided in 15 U.S.C. § 1681o(2).

D. Any further relief to which the Plaintiff may be entitled but has not specifically requested herein.

### COUNT II VIOLATION 15 U.S.C. § 1681e(b) BY TRANS UNION
### Willful violation

22. Plaintiffs re-allege Paragraphs 1 through 20 of this complaint.

23. 15 U.S.C. § 1681e(b) requires consumer reporting agencies to adopt "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

24. TU is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) and as such is subject to the requirements of 15 U.S.C. § 1681e(b).

25. The Defendant TU willfully violated the provisions of 15 U.S.C. § 1681e(b) by disregarding its duty to ensure that the information contained in the Plaintiff's credit report met the requirements of the maximum accuracy requirement.

26. As a result of the Defendant's willful failure to comply, the Plaintiff has suffered actual damages, for which he is entitled to compensation.

27. The Defendant is also liable to the Plaintiff for punitive damages in an amount sufficient to punish its willful failure to comply with the requirements of 15 U.S.C. §1681e(b) and deter the Defendant from similar conduct in the future.

28. The Defendant is also liable to the Plaintiff for the costs of this action plus a reasonable attorney's fee.

Wherefore, the Plaintiff requests the following relief:

A. An award of actual damages sufficient to compensate the Plaintiff for the damages he has sustained as a result of he Defendant's willful failure to comply with 15 U.S.C. § 1681e(b).

B. An award of punitive damages sufficient to punish its willful failure to comply with the requirements of 15 U.S.C. §1681e(b) and deter the Defendant from similar conduct in the future.

C. An award of court costs as provided in 15 U.S.C. § 1681n(3).

D. An award of attorney's fees as provided in 15 U.S.C. § 1681n(3).

E. Any further relief to which the Plaintiff may be entitled but has not specifically requested herein.

## JURY DEMAND

Plaintiff demands trial by jury.

RESPECTFULLY SUBMITTED this the 25th day of July 2012.

                                                _____
Leon Storie STO057
P.O. Box 20029
Tuscaloosa, Alabama 35402
(205) 333-0065